**Fred W. STAUDT, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 6875.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 21, 1954.

Decided Nov. 8, 1954.

Joseph H. Levinson, Benson, N. C., for petitioner.

Karl Schmeidler, Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Robert N. Anderson, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to review a decision of the Tax Court which affirmed deficiency assessments of income taxes against taxpayer for the years 1942 and 1943 and the assessment of a fraud penalty for the year 1942. We agree with the Tax Court that taxpayer has not sustained the burden of overcoming the presumption of correctness which attaches to the Commissioner's assessment of the deficiencies here questioned, and we agree, too, that the Commissioner has sufficiently established, not only that there was an understatement of income by taxpayer in his return for the year 1942, but also that this was intentional and fraudulent. Taxpayer, in defense, offers evidence as to the condition of his

health and its effect upon his mental condition at the time of the filing of the return; but we are not convinced by it that taxpayer was not aware of what he was doing or of the fraud that it involved. The fact that he admits the filing of returns which grossly understated income for each of the eight years preceding 1942, when there was no question as to his mental condition, and that fraud penalties have been assessed for each of these years, goes far toward negativing any contention that he was unaware of the fraud that he was committing in connection with the filing of the 1942 return. His conduct there merely followed the pattern that he had established in preceding years. At all events, it is clear that we would not be justified in setting aside as clearly wrong the finding of the Tax Court with respect to this matter.

Affirmed.